IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOE ROBINSON, )
)
         Petitioner, )
)
vs. ) CIVIL NO. 09-226-GPM
)
LISA J.W. HOLLINGSWORTH, )
)
         Respondent. )

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Petitioner, an inmate in the United States Penitentiary located in Marion, Illinois (USP-Marion), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his 1998 convictions in the United States District Court for the Eastern District of Missouri.

Petitioner was convicted, after a jury trial, of one count of conspiracy to possess with intent to distribute heroin and cocaine in violation of 21 U.S.C. § 846 and one count of possessing with intent to distribute heroin and cocaine in violation of 21 U.S.C. § 841(a)(1). *United States v. Robinson*, Case No. 4:97CR259-SNL (E.D. Mo. judgment filed Oct. 30, 1998). Petitioner was sentenced to an aggregate of 380 months imprisonment to be followed by 5 years of supervised release. *Id.* Petitioner's convictions and sentences were affirmed on direct appeal. *United States v. Frazier*, 280 F.3d 835 (8th Cir. 2002). Petitioner states that he did not pursue any other post-conviction relief and there is no indication that he ever sought relief from the trial court pursuant to 28 U.S.C. § 2255.

In the instant § 2241 petition, Petitioner asserts that his conviction is invalid because the

United States District Court for the Eastern District of Missouri lacked subject-matter jurisdiction over his criminal case because the statute relied upon for jurisdiction was never passed by both houses of Congress.

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed. Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy usually supersedes the writ of habeas corpus. A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991); *see also Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255."). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective.

Petitioner does not contend – nor does it appear from the record – that he is one of those for whom the § 2255 motion is inadequate or ineffective to test the legality of his detention.. At this point, a § 2255 motion in the trial court may well be time barred under 28 U.S.C. § 2255(f).

However, the fact that Petitioner may be barred from bringing a § 2255 motion is not, in itself, sufficient to render it an inadequate remedy. *See In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior Section 2255 motion). Further, "[f]ailure to comply with the requirements of the § 2255 statute of limitations is not what Congress meant when it spoke of the remedies being 'inadequate or ineffective to test the legality of his detention.'" *Montenegro v. U.S.*, 248 F.3d 585 (7th Cir. 2001), *overruled on other grounds*, *Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001);[1] *see also Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000) ("Neither will a claim of procedural bar suffice to demonstrate that section 2255 relief is inadequate or ineffective."); *United States v. Barrett*, 178 F.3d 34, 49-50 (1st Cir. 1999); *Triestman v. United States*, 124 F.3d 361, 376 (2d Cir. 1997) (noting that section 2255's substantive and procedural barriers by themselves do not establish that section 2255 is inadequate or ineffective); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997). Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction. Plaintiff's instant § 2241 action fails to demonstrate that relief pursuant to § 2255 was inadequate and, therefore, the instant action is dismissed.

Even if this Court found that a § 2241 action was the proper vehicle for asserting Petitioner's claims, it still would dismiss the action. Petitioner's claim that the statutes were improperly enacted is without merit. *See United States v. Risquet*, 426 F. Supp.2d 310, 311 (E.D.Pa. 2006); *United States v. Lawrence*, Case No. 02CR200, 2006 WL 250702 *3 (N.D. Ill. 2006).

---

[1] *Ashley* overruled only Part III of *Montenegro*. In *Ashley*, the Court of Appeals held that a decision that a right initially recognized by the Supreme Court is retroactively applicable to cases on collateral review, as will begin one-year limitations period under Antiterrorism and Effective Death Penalty Act (AEDPA), can be made by a Court of Appeals or a district court, as well as by the Supreme Court. *Ashley*, 266 F.3d at 674.

Accordingly, § 2241 cannot provide Petitioner with the desired relief, and this action is summarily **DISMISSED** with prejudice.  All pending motions are **DENIED** as moot.

**IT IS SO ORDERED**.

DATED:  06/26/09

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge